(No. 97-CV-1726-

*In re* APPLICATION OF TAOFEEG OGUNIANA

*Opinion filed January 28, 1999.*

LEGAL ASSISTANCE FOUNDATION OF CHICAGO (DEVEREUX BOWLY, of counsel), for Claimant.

JIM E. RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel), for Respondent.

OPINION

JANN, J.

Claimant seeks an award pursuant to the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), hereinafter the Act. Claimant's application was denied pursuant to section 6.1 of the Act for failure to fully cooperate with law enforcement officials. Claimant made a timely request for hearing, which was granted and held before Commissioner Dillard in Chicago, Illinois.

Claimant testified in his own behalf at hearing and was represented by counsel. Claimant is a 22-year-old man who recently emigrated from Nigeria. He testified that on October 28, 1996, he was exiting a bus near 78th Street and Loomis Street in Chicago, when he was attacked and stabbed in the left chest by an unknown assailant wearing a hood or mask. Claimant fell to the ground after being stabbed and stated that he was unable to remember much about his attacker or the ensuing chain of events. Claimant knew of no reason for the attack and saw only the person who stabbed him who wore a mask or hood of dark fabric over his face.

Claimant somehow made his way to the nearest public place, a laundromat, in hopes of obtaining help. The police report indicates that a person at the laundromat waved down passing police officers who then summoned an ambulance and Claimant was transported to Christ Hospital for medical treatment. He stated he was bleeding profusely from a deep wound which was only 1/2 inch from his heart when the police arrived at the laundromat. (He was advised of the wound proximity while in the hospital.) He stated he was in a state of shock and unable to give the police much information at the scene. Claimant stated he was unable to speak as he could not breathe and that he was not fluent in the English language at the time.

The police report indicates that Claimant was questioned again at the hospital, apparently in the emergency room. Claimant stated he was still quite disoriented at that time and unable to provide further information about the attack. The police report also indicates that the reporting officers were advised that Claimant's condition was serious by a Dr. Fitzsimmons.

The only evidence of record which is inconsistent (by lack of explanation) is an entry on the police report that

Claimant was "able to walk and move freely without assistance at the scene and at at the hospital." The State presented no witnesses at hearing and no affidavits to support said notation. Claimant was advised to contact the police if he could provide further information at a later time. Claimant stated he had no further observations or recollections of the attack and thus did not contact the police again. No police officers contacted Claimant after the date of the attack.

Claimant introduced a bill for medical expenses at Christ Hospital in the amount of $4,430.95. He testified that no payment has been made and that he had no medical insurance or other source of benefit. The bill was introduced without objection.

Based upon the evidence of record and the Commissioner's recommendation, we hereby find that Claimant complied with section 6.1 of the Act and assisted law enforcement officers to the best of his ability under the circumstances.

It is hereby ordered that Claimant is granted an award in the sum of $4,430.95 for medical expenses arising from the criminal assault of October 28, 1996.